UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VINCENT ELLIOT WILSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHERIFF JOSE QUIROZ, )<br>)<br>Respondent. )<br>) | Civil Action No. 23-2498 (ABJ) |

## MEMORANDUM OPINION

This matter is before the Court on Vincent Elliot Wilson's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). For the reasons discussed below, the petition and this civil action are DISMISSED.

Petitioner is a pretrial detainee at the Arlington County Detention Facility in Arlington, Virginia. *See* Pet. ¶¶ 1-2, 13. Since his detention began in July 2021, petitioner states, he has been confined to a cell for 23 hours per day, making it difficult to "make legal calls, take care of hygiene, call family, and take care of [his] business" in the remaining hour. *Id*. ¶ 13. According to petitioner, he is confined to his cell "because they don't want [him] to be telling, snitching, and reporting." *Id*. In addition, petitioner is "on Grievance Restriction" and "deprived of grievance forms[.]" *Id*. ¶ 14. He demands "[r]elease from . . . disciplinary and administrative segregation," placement in general population, and "restoration of all rights and privileges," to include two hours of recreation time each day, and compensatory damages. *Id*. ¶ 15.

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is

1

a petitioner's custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who ordinarily is the warden of the facility where a petitioner is detained, *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988).  Neither petitioner nor his custodian is in the District of Columbia, and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  Accordingly, the Court will dismiss the petition for want of jurisdiction.  *See Padilla*, 542 U.S. at 443 ("jurisdiction [for habeas petitions] lies in only one district: the district of confinement"); *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"); *Monk v. Sec'y of Navy*, 793 F.2d 364, 369 (D.C. Cir. 1986) ("hold[ing] that for purposes of the federal habeas corpus statute, jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located").

A separate order of dismissal accompanies this Memorandum Opinion.


DATE: November 2, 2023                              /s/
                                                    AMY BERMAN JACKSON
                                                    United States District Judge